The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: February 3 2017

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-33950 |
| | ) | |
| Melissa Ann Ladden, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION TO MODIFY CONFIRMED CHAPTER 13 PLAN

This case is before the court on Debtor's Motion to Modify Confirmed Chapter 13 Plan ("Motion"). [Doc. # 50]. Debtor seeks to modify her confirmed sixty-month Chapter 13 plan to reduce the term of the plan to thirty-six months after receiving income tax refunds in amounts greater than she expected and paying them into her plan as required. The Chapter 13 Trustee objects, arguing that there are no changed or other circumstances warranting the requested modification. The court held an initial and further hearing on the Motion that the Trustee attended in person and Debtor's attorney attended by telephone. Pursuant to discussion at the further hearing, Debtor filed amended Schedules I and J and updated pay advices [Doc. # 57], after which, the parties agreed, the Motion would be decisional.

The district court has jurisdiction over this Chapter 13 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings involving the modification of a Chapter 13 plan are core proceedings that the court may

hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(A), (L) and (O). For the reasons that follow, Debtor's Motion will be denied.

## BACKGROUND

On September 24, 2013, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. Debtor is single and has no dependents. Debtor's means test, then Official Form 22C, [Doc. # 1, p. 46/52], shows that her annualized current monthly income was $52,952.04. At the time of filing, the median family income in Ohio for a household the size of Debtor's was $42,814.00. Contrary to the statement in and the apparent premise of her Motion, Debtor is an above-median-income debtor.

Debtor filed a Chapter 13 plan that proposed paying the Trustee $560.00 per month for a period of sixty months, plus all net tax refunds for the years 2013, 2014, 2015, 2016, and 2017. [Doc. # 2]. The plan proposed that "[a]fter payment of all priority and secured claims, the Trustee shall pay 10% of all unsecured claims duly proved and allowed. Said percentage to be reviewed after the claims bar date and the percentage may increase based upon the claims allowed and funds received from tax refunds. . . ." [*Id.*]. Pursuant to a Stipulated Order, the proposed plan was amended by increasing the monthly payment to $667.00 for the then remaining 56 months of the plan and, thus, increasing the percentage to be paid to unsecured creditors to 13%. [Doc. # 22]. The Stipulated Order also includes the provision that the case "be reviewed as tax refunds are received by the Trustee to determine if the dividend to unsecured creditors can be increased." [*Id.* at 2]. The court confirmed the proposed plan, as amended, on March 11, 2014. [Doc. # 24].

Debtor's Schedule I filed with her petition shows gross monthly income of $4,314.20, and income after payroll deductions of $2,981.12. [Doc. # 1, p. 24]. Her pay advices at that time showed that her regular hourly wage was $24.06. Debtor's contemporaneous Schedule J shows monthly expenses of $2,882.20, with resulting net monthly income of $99.92. Debtor's pay advices filed on July 18, 2016, [Doc, #4], show that she obtained new employment in June 2016, earning a regular hourly wage of at least $28.83.[1] [Doc. # 57, p. 8]. Her recently amended schedules filed in connection with the Motion show monthly income after payroll deductions of $2,679.97,[2] monthly expenses of only $2,462, with net monthly income of $217.97.

---

[1] Debtor's pay advices show that she also receives a $3.00 per hour shift differential for a portion of the hours that she works.

[2] Debtor's income is less notwithstanding a $4.77 increase in her hourly wage due largely to the fact that her income was calculated on her second pay advice with her new employer where she worked only 59.60 hours during the two-week pay period. [Doc. # 57, p. 8]. Her earlier pay advices show earnings for at least 80 hours over two-week pay periods. [Doc. #4].

[*Id.* at 5-6, 9-10].

The Trustee does not dispute Debtor's contention that, as a result of income tax refunds that have been paid to the Trustee, there are now sufficient funds such that unsecured creditors will receive a 13% dividend well before the sixty-month term of the confirmed plan ends. Debtor therefore seeks to modify the plan to reduce its term to thirty-six months and thus cap the distribution to unsecured creditors at 13% of their allowed claims.

## **LAW AND ANALYSIS**

Modification of a confirmed plan is governed by 11 U.S.C. § 1329, which provides in relevant part as follows: "At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to . . . extend or reduce the time for such payments." 11 U.S.C. § 1329(a)(2). In order to obtain approval of a modification, the proposed modification must satisfy the requirements of § 1325(a). 11 U.S.C. § 1329(b)(1). Modification under § 1329 is discretionary with the court. *Storey v. Pees (In re Storey)*, 392 B.R. 266, 267 (B.A.P. 6th Cir. 2008).

The court initially notes that, under § 1325(b), if a trustee objects to confirmation of a plan, the court may not approve a plan unless "the plan provides that all of the debtor's projected disposable income[3] to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B). The "applicable commitment period" for an above-median-income debtor may be less than five years "only if the plan provides for payment in full of all allowed unsecured claims over a shorter period." 11 U.S.C. § 1325(b)(4). But courts disagree over whether the provisions of § 1325(b) apply to plan modifications under § 1329. *Compare, e.g., In re Heideker*, 455

---

[3] The Supreme Court held in *Hamilton v. Lanning,* 560 U.S. 505, 524 (2010), "that when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes [increases or decreases] in the debtor's income or expenses that are known or virtually certain at the time of confirmation." The Sixth Circuit in *In re Seafort* , 669 F.3d 662 (2012), applied *Lanning* to hold that the income made available once a debtor's 401(k) loans are paid of during the life of a plan is presumptively properly committed to the plan at confirmation as projected disposable income that must be turned over to the trustee for distribution to unsecured creditors. And in the Sixth Circuit, tax refunds for Chapter 13 debtors are considered income. *In re Harchar*, 694 F.3d 639, 647 (6th Cir. 2012)(citing *Freeman v. Schultz (In re Freeman)*, 86 F.3d 478, 481-82 (6th Cir. 1996)); *In re Barbutes*, 436 B.R. 519,529-30 (Bankr. M.D. Tenn. 2010)(any future tax refunds of debtor to be considered as projected disposable income and dedicated to the plan); *cf. In re Murchek*, 479 B.R. 521 (Bankr. N.D. Iowa 2012)(discussing contribution of tax refunds as a case by case issue after *Lanning* and allocating the burdens for determining in a particular case whether tax refunds are projected disposable income that must be paid into a plan).

3

B.R. 263, 272 (Bankr. M.D. Fla. 2011) (holding that § 1325(b) is applicable to plan modifications), *with Sunahara v. Burchard (In re Sunahara)*, 326 B.R. 768, 781 (B.A.P. 9th Cir. 2005) (finding that the plain language of § 1329(b) excludes the provisions of § 1325(b)). Notwithstanding that Debtor is an above-median-income debtor, the court need not weigh in on this legal issue since she has not met the threshold requirement for plan modification discussed below.

By its terms, § 1329 does not set forth a standard for determining when it is permissible to modify a confirmed plan. In *Storey*, noting this absence but also the binding effect of a confirmed plan as provided in § 1327(a), the Sixth Circuit Bankruptcy Appellate Panel addressed the interplay between §§ 1327 and 1329. *Storey*, 392 B.R. at 270-73. The Panel concluded that "§ 1327 precludes modification of a confirmed plan under § 1329 to address issues that were or could have been decided at the time the plan was originally confirmed." *Id*. at 272 (citing *Cline v. Welch (In re Welch)*, No. 97-5080, 1998 WL 773999, *2, n.1, 1998 U.S. App. LEXIS 26564, *7, n.1 (6th Cir. Oct. 11, 1998) ("Under § 1327. . .an issue is precluded if it *could have been decided* at confirmation, whether or not it was actually decided." (emphasis in original)).

In achieving plan confirmation, Debtor herself proposed the 60 month plan duration and contribution of all tax refunds received during the plan. [Doc. # 2]. And her own plan document provides that the percentage distribution to unsecured creditors would be reviewed and subject to increase post-claims bar date and as her tax refunds were paid into the plan. [*Id*.]. This concept was reinforced in the Stipulated Order amending the plan as a condition of confirmation. [Doc. # 22]. The very same issues that Debtor now raises in her Motion of plan duration, contribution of tax refunds over the life of the plan and the effect of those tax refunds on distribution to unsecured creditors were thus all directly addressed and decided in connection with confirmation. The 13% dividend to be paid to unsecured creditors under the terms of her plan as confirmed is based solely on her monthly plan payments for 60 months, not on the future receipt of any income tax refunds. Had Debtor instead intended to cap the distribution to her unsecured creditors at 13% of their allowed claims regardless of plan duration and tax refunds received during the life of the plan, as she now proposes, that issue could and should have been raised in connection with confirmation.

Suffice to say that Debtor's status as an above median income debtor proposing to pay her unsecured creditors less than in full under a plan less than 5 years in duration and the likelihood of receipt of additional projected disposable income through the plan term would have provoked an objection to confirmation by the Trustee based on § 1325(b)(1) and (4), *Lanning* and *Seafort*. Debtor provided no evidence or argument in connection with confirmation that would have permitted the court to confirm a

plan proposing to pay her unsecured creditors only 13% of their allowed claims in a plan lasting only 36 months or as long as needed to reach that distribution percentage. The Motion represents exactly the kind of plan bait and switch that the modification standard set forth in *Storey* prevents. Debtor is precluded by § 1327(a) from raising these issues now.

The court also finds that Debtor's current financial circumstances do not warrant modifying her plan to reduce its term and cap the distribution to unsecured creditors at 13%. Although a change in a debtor's financial conditions may provide a basis for modification of a confirmed plan, *see Waldron v. Brown (In re Waldron)*, 536 F.3d 1239, 1246 (11th Cir. 2008), in this case, Debtor's financial circumstances appear to have improved. She has obtained new employment, earning a higher hourly wage, and her monthly expenses have decreased, resulting in net monthly income as set forth in her amended Schedules I and J of $217.97 as compared to her net monthly income of $99.92 at the time her plan was confirmed. Such an improvement in her financial circumstances does not otherwise provide a basis for Debtor's requested modification of her confirmed plan.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtor's Motion to Modify Confirmed Chapter 13 Plan [Doc. # 50] be, and hereby is, **DENIED.**

###

5

13-33950-maw    Doc 68    FILED 02/03/17    ENTERED 02/03/17 15:35:37    Page 5 of 5